JOSEPH ESTABROOKS *vs.* PETERBOROUGH AND SHIRLEY RAIL- ROAD COMPANY.

An action at law, and not an application to the county commissioners under Rev. Sts. *c.* 39, § 56, is the proper remedy to recover damages of a railroad corporation for filling up the bed of a natural watercourse with their embankment, and thereby flowing the land of a riparian proprietor above, which is not adjoining the railroad; it not appearing that such filling up was necessary for the construction of the road, nor that a sufficient new canal could not be made.

THIS was an action of tort, for a nuisance in obstructing a natural watercourse flowing through the plaintiff's meadow, and was submitted to this court upon an agreed statement of facts, of which the following are the most material:

The plaintiff was the owner of a parcel of meadow land, containing about four acres, situate in Shirley, on the westerly side of the Squannacook River, which was its eastern boundary; the defendants, incorporated by *St.* 1845, *c.* 181, duly filed, located, and built their railroad as required by law, and the road, thus located and built, crosses a bow of the Squan-

nacook River, a stream not navigable, and from twelve to twenty feet wide, below the plaintiff's meadow, and in no part touching it. The location of said road was filed more than three years before the commencement of this suit. At the point where the road thus located crossed the bow of said Squannacook River, it was adjudged by said defendants and their engineers, under whose direction said road was built, most for the interest of said defendants, and as the most fit and proper manner of constructing said road, to fill up the bed of said river by a solid embankment, and to turn the course of the stream into a new channel. The stream could have been crossed by said road upon a bridge, but the filling up was considered the most proper manner of crossing, and was on that account adopted.

At the time said river was so filled up to construct said road, the defendants dug a new channel for the same beside the said railroad, upon land owned by them, in which new channel the stream has ever since run. This new channel was not within the located limits of said defendants' road, although upon their land, and was not sufficient at all seasons, to carry off the water of the stream in as ample a manner as the old channel. The defendants have not obstructed, or in any way interfered with the said river, except as above stated. The plaintiff's land was injured to some extent by the flowing back upon it of the water of said stream, occasioned by the aforesaid acts of the defendants in filling up the bed of said river to build their road, and turning the stream into a new channel around the place so filled up, not sufficient at all seasons to conduct off the water.

If the court should be of opinion that the plaintiff is entitled to recover in this action upon the foregoing agreed statement, then the damages are to be ascertained by an assessor appointed by the court, and judgment rendered therefor in his favor; otherwise judgment is to be rendered for the defendants.

*B. Russell*, for the plaintiff.

*J. G. Abbott*, for the defendants. 1. Whatever injury the plaintiff has suffered, by the agency of the defendants, has

arisen from the construction of a railroad within the location authorized by the legislature.

2. This being the case, by the very terms of the revised statutes, the plaintiff must pursue his remedy by a petition to the county commissioners. Where the statute authorizes an injury and provides a remedy, such remedy must be pursued. Rev. Sts. *c.* 39, § 56 ; *Andover Turnpike* v. *Gould,* 6 Mass. 40 ; *Cutler* v. *Middlesex Factory Company,* 14 Pick. 483 ; *Boston* v. *Shaw,* 1 Met. 130 ; *Stowell* v. *Flagg,* 11 Mass. 364 ; *Stevens* v. *Middlesex Canal,* 12 Mass. 466 ; *Sudbury Meadow* v. *Middlesex Canal,* 23 Pick. 36 ; *Dodge* v. *County Commissioners of Essex,* 3 Met. 380 ; *Aldrich* v. *Cheshire Railroad Co.* 1 Foster, 359.

3. The fact that the railroad does not touch the plaintiff's land, does not alter the case ; the injury is occasioned by the construction of the road, and is as much within the statute provisions as it would be if the land was taken. *Dodge* v. *County Commissioners of Essex,* 3 Met. 380 ; *Ashby* v. *Eastern Railroad Co.* 5 Met. 368 ; *Parker* v. *Boston & Maine Railroad,* 3 Cush. 107.

4. The turning the bed of the stream was an act necessary for the proper and most beneficial construction of the road, and any injury arising from it is just as much within the statute remedy as would have been damages resulting from bridging the stream for the road. *Aldrich* v. *Cheshire Railroad Co.* 1 Foster, 359.

5. It is not alleged or claimed that the particular manner of constructing the road was not reasonable and proper. On the contrary, the facts find that, by the judgment of the engineers, this was the best course ; so that the damage to the plaintiff arises from constructing the road in a proper and reasonable manner, for which an action on the case cannot be maintained.

SHAW, C. J. The remedy of the plaintiff, in the case stated in the facts agreed, was by an action of tort for the nuisance. If the obstruction of the river was strictly necessary, and no sufficient lateral canal could be made, then we should conclude that their mode of laying the railroad was contemplated

and authorized by the legislature, and the remedy would be by complaint for damages. *Dodge* v. *County Commissioners of Essex*, 3 Met. 380 ; *Springfield* v. *Connecticut River Railroad Co.* 4 Cush. 63. But it does not appear tl at it was necessary to locate the railroad so as to cross the river and obstruct it, but only that the engineers thought it the best mode, the easiest, and perhaps the cheapest. Nor does it appear that a canal could not be made, of a capacity equal to the original watercourse, to carry off the water, as required when such artificial watercourse is substituted for a natural one. *Rowe* v. *Granite Bridge Corporation*, 21 Pick. 344.

The course adopted by the railroad company not being over the plaintiff's land, and affecting his estate only consequentially, and not being necessary, was not warranted by the charter; the flowing of the plaintiff's land was a nuisance, for which he has his remedy at law. The plaintiff is therefore entitled to recover in this action, and an assessor is to be appointed, according to the agreement of parties.